# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-04271 AHM (PJWx) | Date | May 25, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:　　　　Attorneys **NOT** Present for Defendants:

**Proceedings:**　　　IN CHAMBERS (No Proceedings Held)

　　　Defendants Standard Fire Insurance Company ("Standard Fire"), Travelers Property Casualty Insurance Company ("Travelers"), Krystal Enbysk ("Enbysk"), and Cheryl Gall ("Gall") filed a Notice of Removal ("NOR") on May 18, 2011. There are several problems apparent with Defendants' NOR.

　　　First, according to the date stamp on the Complaint attached to the NOR, Plaintiff filed this action in the Los Angeles Superior Court on October 4, 2010. NOR Exh. A at 1. A "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of the summons . . . ." 28 U.S.C. § 1446(b). The date on which the removal period commences is the date on which a defendant receives a copy of the complaint. *See, e.g.*, *Teitelbaum v. Soloski*, 843 F. Supp. 614, 615 (C.D. Cal. 1994). Defendants allege in the NOR that Defendants Enbysk and Gall were served on December 19, 2010 and December 22, 2010 respectively. NOR ¶ 2a. Defendants do not allege when, or if, Defendants Standard Fire and Travelers were served.

　　　Second, Defendants contend this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. NOR, at 1. However, Defendants do not allege their citizenship, and how, if at all, they are diverse from Plaintiff, whose citizenship is not alleged on the face of the complaint. Moreover, Defendants do not mention the amount-in-controversy requirement of 28 U.S.C. § 1332 and how, if at all, it is satisfied by allegations in the Plaintiff's complaint.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04271 AHM (PJWx) | Date | May 25, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

<u>Third</u>, Defendants allege Defendants Enbysk and Gall were fraudulently joined to prevent removal. NOR ¶ 2a-2b. However, Defendants do not specify Enbysk and Gall's citizenship and how, if at all, their joinder would have prevented removal. Moreover, Defendants' NOR does not provide sufficient information for the Court to conclude that at this time that Defendants Enbysk and Gall were in fact fraudulently joined to prevent removal.

The Court therefore ORDERS Defendant to SHOW CAUSE in writing by not later than June 3, 2011, why this Court should not remand this case to state court given: (1) the likelihood that the NOR was untimely; (2) the lack of evidence of diversity for purposes of jurisdiction on the face of the complaint and in the NOR itself; and (3) the lack of support and explanation of the relevance of Defendants Enbysk and Gall's alleged fraudulent joinder. Failure to respond on or before that date will be construed as consent to remand.

:

Initials of Preparer    SMO