**LASC, Case No.: BC44860**                                                              O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04271 AHM (PJWx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On October 4, 2010, Plaintiff Dorit Eden ("Plaintiff") filed this action in Los Angeles Superior Court. Plaintiff filed this action against Defendants Standard Fire Insurance Company ("Standard Fire"), Travelers Property Casualty Insurance Company ("Travelers"), Krystal Enbysk ("Enbysk"), Cheryl Gall ("Gall"), and Does 1 - 500 (collectively "Defendants"). Travelers and Standard Fire are alleged to be Plaintiff's insurers. Compl. ¶ 6. Enbysk, an adjuster, and Gall are alleged to be employees of Travelers. Compl. ¶ 2. The complaint is based on alleged misconduct related to the theft of her automobile and the handling of Plaintiff's insurance claims. Plaintiff seeks relief under the following causes of action: (1) breach of implied covenant of good faith and fair dealing; (2) breach of insurance contract; (3) fraud; (4) negligent misrepresentation; (5) intentional infliction of emotional distress; and (6) intentional interference with contract.

On May 18, 2011, over seven months after Plaintiff filed her action in state court, Defendants removed this action to federal district court. Defendants allege that removal is appropriate under 18 U.S.C. § 1332, and that their removal is timely because Defendants Enbysk and Gall were fraudulently joined, and Defendants were not able to remove until they discovered the fraudulent joinder on May 9, 2011. Notice of Removal ("NOR") ¶¶ 2-3.

Before this Court is Plaintiff's Motion to Remand.[1] The Court took this Motion under submission on July 6, 2011. Dkt. 19. For the following reasons, the Court

---

[1]Dkt. 17.

O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04271 AHM (PJWx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

GRANTS the Motion.

## I. BACKGROUND

### A. Prior Order to Show Cause ("OSC")

On May 25, 2011, this Court issued an OSC, Dkt. 9, to which the parties submitted extensive responses and supplemental briefing. Dkt. 13-15. Specifically, the Court ordered Defendants to address the following: "(1) the likelihood that the NOR [Notice of Removal] was untimely; (2) the lack of evidence of diversity for purposes of jurisdiction on the face of the complaint and in the NOR itself; and (3) the lack of support and explanation of the relevance of Defendants Enbysk and Gall's alleged fraudulent joinder." Dkt. 9, at 3. The Court discharged the Order on July 6, 2011, Dkt. 19, and stated it would address the merits of the OSC in the Motion to Remand, which encompasses all of the issues in the OSC. Dkt. 19. Defendants and Plaintiff, in this Motion to Remand and the responsive briefs, refer to and incorporate their responses to the OSC. Accordingly, the Court considers those responses in its analysis and cites to them where appropriate.

### B. Receipt of Service

According to the date stamp on the Complaint attached to the NOR, Plaintiff filed this action in the Los Angeles Superior Court on October 4, 2010. NOR Exh. A. Defendants allege that Travelers and Standard Fire were served on November 29, 2010, as were the dba/s for those entities. Response to OSC, at 10 & Exh. A-D. Defendants allege in the NOR that Defendants Enbysk and Gall were served on December 19, 2010 and December 22, 2010 respectively. NOR ¶ 2a. Defendants Travelers, Standard Fire, Enbysk, and Gall filed the NOR on May 18, 2011, well over 30 days after the later-served defendants (Enbysk and Gall) received notice. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("[W]e hold that each defendant is entitled to thirty days to exercise his removal rights after being served.").

## II. LEGAL STANDARD

A federal court must determine its own jurisdiction even if there is no objection to

O; JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04271 AHM (PJWx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

A "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of the summons . . . ." 28 U.S.C. § 1446(b). The date on which the removal period commences is the date on which a defendant receives a copy of the complaint. *See, e.g.*, *Teitelbaum v. Soloski*, 843 F. Supp. 614, 615 (C.D. Cal. 1994). If the grounds for removal are not evident from the face of the complaint, the notice of removal may be filed within thirty days after the defendant receives an amended pleading, motion, order or other paper from which it can be ascertained from the face of the document that removal is proper. *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

### III. DISCUSSION

Defendants contend, and Plaintiff does not dispute, that from the face of the complaint, diversity jurisdiction was not apparent, as both Enbysk and Gall are California citizens. Defendants contend that Plaintiff's allegations in the complaint were "ambiguous" and that the fraud and misrepresentation claims "could be construed to create personal liability against those in-state defendants, particularly Enbysk," and therefore precluded removal. Declaration of Erwin Adler, counsel for Defendants, in Response to OSC ("Adler Decl."), ¶ 3.

On January 25, 2011, Enbysk and Gall filed a demurrer to the complaint. NOR Exh. I. Defendants argue that on May 9, 2011, when the state court issued an order sustaining that demurrer, they were first able to ascertain the propriety of removal. Response to OSC, at 20-21 & Exh. E. Accordingly, Defendants argue that the thirty-day removal period should begin on May 9, 2011. *Id*.

In their demurrer, Enbysk and Gall sought to dismiss all causes of action against

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04271 AHM (PJWx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

them asserted in the Complaint for "fail[ure] to state facts sufficient to constitute a cause of action under CCP [Cal. Code of Civ. P.] § 430.10(e)." NOR Exh. I, at 72. The ruling on the demurrer, however, which consisted of a written tentative ruling (which the parties have not furnished to the Court) and an oral ruling, sustained demurrers only to the third, fourth, and sixth causes of action with leave to amend, and overruled the remaining demurrers. Adler Decl., Exh. E; Declaration of Alan Shewell, Attorney for Plaintiff, in Opposition to Mot. to Remand ("Shewell Decl.) ¶ 18. The claim against Enbysk for intentional infliction of emotional distress ("IIED") was not thrown out.

Defendants argue that "[b]ecause the state court sustained the demurrer, defendants could remove the action to this court consistent with governing standards since the 'indeterminate' claim did not continue to present a claim involving potential personal liability by Ebynsk [sic]." Response to OSC, at 21. Defendants failed to show, however, how the dismissal without prejudice of three of the causes of action against Defendants Enbysk and Gall notified them of information, to which they were not privy before, which warranted removal.

Defendants also spend an extensive portion of their opposition discussing how Plaintiff's claim for negligent infliction for emotional distress against Enbysk (Defendants do not mention Gall here) is without merit, Opp. at 11-12, and thereby renders Enbysk fraudulently joined. Opp., at 13. However, Defendants have not demonstrated that it was not until May 9, 2011 that they became aware of this supposed defect. Moreover, the state court did not throw that claim out. In short, Defendants have not demonstrated, therefore, the timeliness of the filing of their notice of removal.

The Court finds that Defendants Notice of Removal was untimely, and accordingly REMANDS this action to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand.[2] Good cause appearing therefor, the Court hereby REMANDS the action to the Los Angeles County Superior Court for lack of subject matter jurisdiction. The clerk is

---

[2] Dkt. 17.

O; **JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04271 AHM (PJWx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | DORIT EDEN v. STANDARD FIRE INSURANCE COMPANY, et al. | | |

directed to close this file.

Defendants' request for sanctions, Opp. at 14-15, is hereby DENIED. Plaintiff's request for leave to file an Attorneys' Fees Motion, Mot. at 14, and request for sanctions against Defendants, Reply at 20, are also DENIED.

No hearing is necessary. Fed. R. Civ. P. 78; Local Rule 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

**JS-6**